# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BEN MARTIN**                                                                              **CIVIL ACTION**

**VERSUS**                                                                                  **NO. 23-130-JWD-SDJ**

**ROSS STORES, INC. AND**
**SIEGEN PLAZA RETAIL**
**ASSOCIATES, LLC, et al.**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the United States District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME WILL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE ATTACHED REPORT AND RECOMMENDATION.**

Signed in Baton Rouge, Louisiana, on June 14, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEN MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-130-JWD-SDJ** |
| **ROSS STORES, INC. AND SIEGEN PLAZA RETAIL ASSOCIATES, LLC, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Ross Stores, Inc., removed this personal injury case on February 23, 2023. Removal was "premised on the assertions that 'diversity of citizenship exists between all plaintiffs and defendants as required by 28 U.S.C. § 1332' and 'the amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs.'" (R. Doc. 7-1 at 1); (Notice of Removal, R. Doc. 1).

At the time of removal, Defendant asserted that complete diversity existed because Plaintiff Ben Martin was a citizen of Louisiana (R. Doc. 1 at 13), while Ross Stores was incorporated in Delaware with its principal place of business in California (R. Doc. 1 at 14). The Notice of Removal, however, did not indicate the citizenship of non-removing Defendant, Siegen Plaza Retail Associates, LLC, a limited liability company.[1] *See Harvey v. Grey Wolf Drilling Co*., 542

---

[1] Although this point is largely mooted by the instant Motion to Remand, as the party asserting subject matter jurisdiction, Ross Stores, was required but failed to properly allege the citizenship of all parties in its Notice of Removal. *See Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001) ("The burden of establishing federal jurisdiction rests on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties. Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); *see also MBS Sorrento Field Ints., LLC v. Motiva Enterprises, LLC*, 2017 WL 525676, at *2 (M.D. La. Jan. 5, 2017) ("Failure adequately to allege the basis for diversity jurisdiction mandates remand.").

F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members."); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be . . . .").

Following removal, Defendants Ross Stores and Siegen Plaza filed the instant Motion to Remand (R. Doc. 7), seeking a return of this litigation to its original forum — the 19th Judicial District Court in East Baton Rouge Parish. The Motion, to which Plaintiff consents (R. Doc. 7-1 at 5), indicates that after removal:

> Defendants traced the membership of Siegen Plaza, and learned that at least one of its limited partners is a Louisiana citizen. Plaintiff, Ben Martin, is also a Louisiana citizen and therefore, complete diversity is defeated. Thus, Defendants respectfully represent that, as diversity of citizenship no longer exists, there is no basis for jurisdiction in this Court, and this Court should remand this case to the 19th Judicial District Court for the Parish of East Baton Rouge.

(R. Doc. 7-1 at 5). As such, complete diversity does not exist and did not exist at the time of removal. *See MBS Sorrento Field Int., LLC v. Motiva Enterprises, LLC*, 2017 WL 525676, at *3 (M.D. La. Jan. 5, 2017) ("Because there is a plaintiff that is a citizen of the same state as a defendant, diversity of citizenship does not exist and this Court does not have jurisdiction."). For that reason,

**IT IS RECOMMENDED** that Defendants' unopposed Motion to Remand (R. Doc. 7) be **GRANTED** and that this litigation be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on June 14, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**